UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TERESA P. DARBY

                                        Plaintiff,        Amended Complaint

    -against-                                          07 cv 4367 (CBA)(RER)

                                                              Judge Carol B. Amon

THE CITY OF NEW YORK; RAYMOND W. KELLY, Police      Jury Trial Demand
Commissioner, being sued individually and in his official capacity
as an employee of THE CITY OF NEW YORK.

                                        Defendants.
----------------------------------------------------------------------X

       The plaintiff TERESA P. DARBY, by her attorneys, Jeffrey L. Goldberg, P.C., as and for her complaint against defendants' THE CITY OF NEW YORK and RAYMOND W. KELLY, respectfully set forth and allege that:

## INTRODUCTION

1.       This is an action for equitable relief and money damages on behalf of the plaintiff TERESA P. DARBY, (hereinafter referred to as "plaintiff") who was, and who is prospectively being deprived of her civil and constitutional rights as a result of the defendants' race and national origin.

## JURISDICTION AND VENUE

2.       The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

       a)      Title I of the Americans with Disabilities Act of 1990 (hereinafter referred to as the "ADA") providing for injunctive and other relief against discrimination in

    employment on the basis of disability and/or individuals regarded as having a disability;

b) Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race and national origin; and

c) The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

d) The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

4. Plaintiff is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Kings County and is a former employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer

which is the CITY.

## DEFENDANT

5. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

6. Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 12111(5), and 42 U.S.C. § 2000-E, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7. Defendant RAYMOND W. KELLY, as Police Commissioner.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

9. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

10. On or about December 15, 2006, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

11. On or about July 26, 2007, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

12. Plaintiff is a Hispanic Female who was formerly appointed to the position of police officer with the NYPD and was either diagnosed as suffering from or regarded as suffering from chronic alcohol dependency.

13. Plaintiff alleges that she was appointed in or around July 2004.

14. Plaintiff alleges that upon graduation from the Recruit Training School until her termination from the NYPD, she was assigned to the 67th Precinct.

15. Plaintiff alleges that on or about March 15, 2006 at approximately 3:00 a.m., while off duty walking home on the sidewalk with a friend, she fell and struck the back of her head on a wrought-iron metal fence and was knocked unconscious.

16. Plaintiff further alleges that her friend immediately called an ambulance and she was transported to New York Methodist Hospital for treatment and observation.

17. Plaintiff alleges that while being treated, she was diagnosed as suffering from "alcohol intoxication."

18. Plaintiff alleges that during her treatment and observation at the hospital, no blood tests or breathalyzer tests were administered to her.

19. Plaintiff alleges later that same night, based on the misdiagnosis of the hospital staff, defendant CITY found her "unfit for full duty" and she was placed on modified assignment.

20. Plaintiff alleges that when she was placed on modified assignment, her shield and firearms were removed.

21. Plaintiff alleges that she was then assigned clerical tasks inside of the precinct.

22. Plaintiff alleges that approximately two to three weeks after March 15, 2006, she was ordered to meet with Police Psychologist Dr. Steiner.

23. Plaintiff alleges that after her interview with Police Psychologist Dr. Steiner, she was deemed to not suffer from chronic alcoholic dependency.

24. Plaintiff alleges that Police Psychologist Dr. Steiner also ruled out any

4

possibility that she either abuses alcohol or has the propensity to become and alcohol abuser.

25. Plaintiff alleges that in addition to meeting with Police Psychologist Dr. Steiner, she also met with a male psychologist who was very hostile towards her and did not appear to believe her answers about alcohol abuse.

26. Plaintiff alleges that throughout the entire relevant period, she continued to perform various clerical tasks at the 67th Precinct.

27. Plaintiff alleges that in or around September and October 2006, she began to hear rumors from her supervisors that she would be returned back to full duty.

28. Plaintiff alleges that on or about November 3, 2006, she was terminated.

29. Plaintiff alleges that she was terminated due to her "having the propensity to become an alcoholic."

30. Based on the foregoing, plaintiff feels that she was discriminated against and her improperly terminated by defendants' CITY and RAYMOND W. KELLY.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### DISABILITY DISCRIMINATION
### IN VIOLATION OF
### TITLE I OF THE AMERICANS WITH DISABILITIES ACT OF 1990

31. Plaintiff re-alleges paragraphs 1 through 30 and incorporates them by reference as paragraphs 1 through 30 of Count I of this Complaint.

32. At all relevant times, plaintiff has been regarded as a qualified individual with a disability within the meaning of 42 U.S.C. §12102. More particularly, plaintiff is regarded by the NYPD as a qualified individual with a mental impairment due to chronic alcohol abuse.

33. Defendant CITY failure to treat plaintiff in a manner comparable to other similarly situated individuals regarded as a qualified individual with a mental impairment due to chronic

alcoholism constitutes disability discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

34. Defendant's actions constitute a violation of 42 U.S.C. §12112(b)(5)(A).

## COUNT II
## RACE and NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff re-alleges paragraphs 1 through 34 and incorporates them by reference as paragraphs 1 through 34 of Count II of this Complaint.

36. Plaintiff alleges that defendant CITY engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's race and national origin in violation of 42 U.S.C. § 2000e-2.

37. As part of its pattern and practice of employment discrimination defendant CITY treated plaintiff in a manner indicative of race and national origin discrimination, with respect to its investigation, analysis, and subsequent cover-up, of their discriminatory behavior.

38. The failure of defendant CITY to thoroughly investigate plaintiff's allegations of race and national origin discrimination.

39. Defendant CITY knew or should have known about race and national origin discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

40. Defendant CITY failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race and national origin discrimination in a clear demonstration of bad faith.

41. That as a result of the discriminatory acts of defendant CITY plaintiff suffered depression and anxiety.

42. Defendant CITY acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about March 15, 2006, until her termination.

43. As a result of the acts of defendant under color of law, plaintiff suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

44. Plaintiff re-alleges paragraphs 1 through 43 and incorporates them by reference as paragraphs 1 through 43 of Count XVI of this Complaint.

45. Defendant RAYMOND W. KELLY under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to petition her government for redress of her grievances, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

46. Defendant acting individually and in his official capacity as a public official of defendant CITY, under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to petition her government for redress of her grievances, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

47. Defendant in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

48. Defendant in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

49. Defendant acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about March 15, 2006, until her termination.

50. As a result of the acts of the defendant under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
## RACE and NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

51. Plaintiff re-alleges paragraphs 1 through 50 and incorporates them by reference as paragraphs 1 through 50 of Count IV of this Complaint.

52. Defendant RAYMOND W. KELLY under color of law, personally interfered with and deprived plaintiff of her pension and constitutional rights, including the rights: to petition her government for redress of her grievances, to be free from deprivation of life, liberty, and property without due process of law.

53. Defendant RAYMOND W. KELLY acting individually and in his official capacity as a public official of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of her pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or

knowing such race and national origin discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to petition her government for redress of her grievances, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

54. Defendant in acting to deprive plaintiff of her civil rights, failed to thoroughly investigate her allegations of discriminatory conduct in the workplace.

55. Defendant in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

56. Defendant acted in an outrageous and systematic pattern of race and national origin discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about March 15, 2006, until her termination.

57. As a result of the acts of the defendant under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT V
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

58. Plaintiff re-alleges paragraphs 1 through 57 and incorporates them by reference as paragraphs 1 through 57 of Count V of this Complaint.

59. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

## COUNT VI
## RACE and NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

60. Plaintiff re-alleges paragraphs 1 through 59 and incorporates them by reference as paragraphs 1 through 59 of Count VI of this Complaint.

61. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and national origin.

## COUNT VII
## DISABILITY DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

62. Plaintiff re-alleges paragraphs 1 through 61 and incorporates them by reference as paragraphs 1 through 61 of Count VII of this Complaint.

63. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of disability.

## COUNT VIII
## RACE and NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

64. Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as paragraphs 1 through 63 of Count VIII of this Complaint.

65. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race and national origin.

## JURY TRIAL

66.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** plaintiff demands compensatory and punitive damages from these defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: January 8, 2008
        Lake Success, N.Y.

By: *[signature]*
Eric Sanders (ES0224)
Jeffrey L. Goldberg, P.C.
Attorneys for Plaintiff
2001 Marcus Avenue, Suite S160
Lake Success, New York 11042
516-775-9400 (Business Phone)
516-775-4477 (Facsimile)
Email: esanders@jlgoldbergpc.com
http://www.jlgoldbergpc.com
http://www.nycivilservicepensions.com